**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 200286-U

Order filed January 20, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Iroquois County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Appeal No. 3-20-0286 Circuit No. 19-CF-44 |
| JARED P. SUTHERLAND, | ) ) | Honorable James B. Kinzer, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE HOLDRIDGE delivered the judgment of the court.
Justices Hettel and Peterson concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  Evidence at trial was sufficient to prove the defendant's guilt of criminal sexual assault and aggravated criminal sexual abuse beyond a reasonable doubt; the mittimus correctly reflects the court's findings.

¶ 2     The defendant, Jared P. Sutherland, appeals his convictions for criminal sexual assault and aggravated criminal sexual abuse, arguing the State failed to prove the age element of the charged offenses beyond a reasonable doubt. The defendant also argues that the court mistakenly

entered an order finding him guilty of the incorrect count and requests, in the alternative, that the mittimus be amended to show the correct count.

¶ 3                                             I. BACKGROUND

¶ 4        The State charged the defendant by 10-count indictment with predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2018)), criminal sexual assault (*id.* § 11-1.20(a)(3)), and eight counts of aggravated criminal sexual abuse (*id.* § 11-1.60(b), (c)(1), (d)). The charges were all related to the sexual abuse of four of the defendant's family members.

¶ 1        At issue in this appeal are counts II, III, and IV. Count II of the indictment charged the defendant with criminal sexual assault in that, between 2002 and 2008, the defendant "committed an act of sexual penetration with K.T., who was a family member under 18 years of age, in that the defendant placed his penis in the anus of K.T." Count III charged the defendant with aggravated criminal sexual abuse in that, between 2002 and 2008, the defendant "committed an act of sexual conduct with K.T., who was a family member under 18 years of age, in that the defendant placed his hands and mouth on the penis of K.T." Count IV charged the defendant with aggravated criminal sexual abuse in that, between 2002 and 2005, the defendant, "who was 17 years of age or older, knowingly committed the act of sexual conduct with K.T., who was under 13 years of age, in that said defendant placed his hands and mouth on the penis of K.T. for the purpose of sexual arousal of the defendant."

¶ 2        The defendant waived a jury and proceeded to a bench trial. At trial, K.T. testified that the defendant was his maternal uncle and served as a caretaker for K.T. and his younger brother when they were children. K.T. was born in August 1992. K.T. described sexual encounters with the defendant at five different residences while the defendant cared for him. K.T. testified that the incidents began when he was 7 or 8 years old and continued until he was 15 or 16.

2

¶ 3       K.T. testified that the defendant lived in a trailer in Donovan (Donovan house) between 2007 and 2009, when K.T. would have been 15 or 16 years old. The defendant's three children would have been under five years old. K.T. testified regarding incidents at the Donovan house where the defendant would stroke K.T.'s penis and force K.T. to stroke the defendant's penis. There were also incidents where the defendant forced K.T. to perform oral sex. K.T. also described occasions where the defendant would place his penis in K.T.'s anus and K.T. placed his penis in the defendant's anus.

¶ 4       At the close of the State's case, it dismissed counts VI and VII.

¶ 5       During the defendant's case-in-chief, the court took judicial notice of petitions to establish custody from a family law case involving the defendant's children. These documents showed that the defendant's children were born in March 2006, July 2008, and September 2009.

¶ 6       The defendant denied abusing K.T. and stated that K.T. made up the accusations because K.T. blamed the defendant for his younger brother becoming a ward of the State. The defendant also testified that he moved into the Donovan house in late 2010. K.T. lived with the defendant there for a brief period in 2011, after he turned 18 years old. The defendant supported his testimony by producing the property deed, showing the purchase date in September 2010.

¶ 7       The court found

> "[T]he State proved by a beyond a reasonable doubt burden of proof the rectal intercourse allegation in Count 2 with respect to [K.T.], the digital fondling in Count 3 and the digital fondling in Count 5. And I find that the ages there were consistent with [K.T.]'s testimony. I know [the defendant] was careful to make sure that his allegation with respect to the Donovan house was that [K.T.] would

3

have been over 18 at that point, but [K.T.] testified that he was under I think he said 15 or 16 when this rectal intercourse event occurred.

 \*\*\* I find [the defendant] guilty of Count 2, guilty of Count 4, guilty of Count 5 and guilty of Count 9 and not guilty of Count 8 and not guilty of Count 3."

The parties asked for confirmation that the court found the defendant guilty on count IV and not count III, which the court confirmed.

¶ 8   At sentencing, the court stated that the defendant had been found guilty of counts II, III, V, and IX. The court sentenced the defendant to seven years' imprisonment for count II, to be served consecutively with three concurrent terms of three years' imprisonment for counts III, V, and IX. The written order lists the sentencing decisions for counts II, III, V, and IX. The defendant appeals.

¶ 9        II. ANALYSIS

¶ 10        A. Sufficiency of the Evidence

¶ 11   The defendant raises two sufficiency of the evidence issues. In a challenge to the sufficiency of the evidence, we determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Baskerville*, 2012 IL 111056, ¶ 31; *People v. Collins*, 106 Ill. 2d 237, 261 (1985). In making this determination, we review the evidence in the light most favorable to the prosecution. *Baskerville*, 2012 IL 111056, ¶ 31.

¶ 12   It is not the purpose of a reviewing court to retry a defendant. *People v. Milka*, 211 Ill. 2d 150, 178 (2004). Instead, great deference is given to the trier of fact. See, *e.g.*, *People v. Saxon*, 374 Ill. App. 3d 409, 416-17 (2007). All reasonable inferences from the record in favor of the

4

prosecution will be allowed. *People v. Bush*, 214 Ill. 2d 318, 326 (2005). " 'Where evidence is presented and such evidence is capable of producing conflicting inferences, it is best left to the trier of fact for proper resolution.' " *Saxon*, 374 Ill. App. 3d at 416 (quoting *People v. McDonald*, 168 Ill. 2d 420, 447 (1995)). The trier of fact is not required to accept or otherwise seek out any explanations of the evidence that are consistent with a defendant's innocence; nor is the trier of fact required to disregard any inferences that flow from the evidence. *People v. Sutherland*, 223 Ill. 2d 187, 233 (2006); see also *Saxon*, 374 Ill. App. 3d at 416-17. "[T]he testimony of a single witness, if positive and credible, is sufficient to convict, even though it is contradicted by the defendant." *People v. Siguenza-Brito*, 235 Ill. 2d 213, 228 (2009). "A conviction will be reversed only where the evidence is so unreasonable, improbable, or unsatisfactory that it justifies a reasonable doubt of the defendant's guilt." *People v. Belknap*, 2014 IL 117094, ¶ 67.

¶ 13                                          1. Count II

¶ 14        The defendant contends that the State failed to prove him guilty beyond a reasonable doubt of criminal sexual assault because the evidence was insufficient to prove that K.T. was under 18 years old at the time of the incident.

¶ 15        As charged in count II, "[a] person commits criminal sexual assault if that person commits an act of sexual penetration and: *** is a family member of the victim, and the victim is under 18 years of age." 720 ILCS 5/11-1.20(a)(3) (West 2018).

¶ 16        Here, K.T.'s testimony established that the defendant committed criminal sexual assault when, according to K.T., he was under 18 years old. Although the defendant's testimony indicated that K.T. was over 18 years old when they lived together, this presented a credibility determination for the fact finder. From our review, the court reasonably resolved this factual question by finding that K.T.'s allegations and testimony were credible. Accordingly, we defer to

this credibility finding and conclude the evidence was sufficient to prove the defendant's guilt of criminal sexual assault beyond a reasonable doubt.

¶ 17                                                     2. Count III

¶ 18            The defendant argues the evidence was insufficient to support his conviction for count III, aggravated criminal sexual abuse because, like his argument on the first issue, the State failed to prove K.T. was under the age of 18 at the time of the offense. Count III requires a showing that the defendant "commit[ed] an act of sexual conduct with a victim who is under 18 years of age and the person is a family member." 720 ILCS 5/11-1.60(b) (West 2018). As found above, K.T.'s testimony sufficiently established that he was under 18 years old at the time of the charged offenses. *Supra* ¶ 16. In doing so, we reaffirm that questions of witness credibility are best left to the trier of fact who determined that these witnesses were credible. See *Siguenza-Brito*, 235 Ill. 2d at 228. Consistent with our holding for count II, we find the evidence proved beyond a reasonable doubt the allegations in count III.

¶ 19                                                     B. Mittimus

¶ 20            The defendant asks this court to correct the mittimus to show a conviction for count IV instead of count III because the court erroneously entered a conviction on count IV after finding the defendant guilty of count III.

¶ 21            It is well-settled that "[i]t is the oral pronouncement of the judge which is the judgment of the court. The written order of commitment is merely evidence of the judgment of the court. [Citation.] When the oral pronouncement of the court and the written order are in conflict, the oral pronouncement of the court controls." *People v. Smith*, 242 Ill. App. 3d 399, 402 (1993).

¶ 22            While the record shows there was confusion regarding which count the court intended to enter conviction on, it is clear that the court intended to enter judgment on count III. While the

6

court stated once that it found the defendant guilty of count IV, it subsequently stated, while explaining its verdict and at several court hearings afterwards, that the defendant was guilty of count III and not count IV. Thus, the court's oral pronouncement ultimately established that it intended to find the defendant guilty of count III. Further, the court's written sentencing order and the docket entry confirm that the court found the defendant guilty of count III.

¶ 23                                    III. CONCLUSION

¶ 24            The judgment of the circuit court of Iroquois County is affirmed.

¶ 25            Affirmed.